Wilson, Chief Justice, delivered the opinion of the court: (1) The record of this case affords a very imperfect knowl- [* 41] edge of the proceedings had below, on account of the irregular and confused manner in which they are stated. It can be as* certained, however, that the declaration of the plaintiffs below contained two counts. The first is a common count, for rock and wood delivered to the defendants, and work and labor done at their request. The second count is upon a special contract, signed by all the defendants, and one of the plaintiffs, by which the plaintiffs agree to deliver a specified quantity of rock and wood, at a stipulated price. The defendants pleaded several pleas, one of which, to the general count, was, that there was a subsisting written agreement between the parties, in relation to the delivery of the rock declared for in the general count. The bill of exceptions shows, that upon the trial of the cause in the court below, the plaintiffs were permitted to read in evidence the written contract declared on, which the defendants objected to, as irrelevant to the issue, and as incompetent. It also appears that the counsel for the defendants asked the court to instruct the jury, that a receipt in the following form, to wit: “Received, Springfield, 9th July, 1838, of Reed and Rad-ford, one hundred and twenty dollars, for. rock delivered at the contemplated bridge on the Sangamon bottom, etc. “ JEFFERSON PHILLIPS & Co.” was prima facie evidence of payment for all rock delivered previ-, ous to the date thereof. This instruction the court refused to give, but left it to the jury to determine, to what extent the receipt was evidence of payment. The refusal of this instruction was also excepted to, and is assigned for error. The counsel for the defendants insists that tbe written contract was improperly received in evidence; first, because its execution was not proved; secondly, that it was irrelevant to the issue; and thirdly, that it could not be given in evidence under the special count, as it was not performed, nor under the general count, for the same reason, and the additional one that it was a specialty, and signed only by one of the plaintiffs. As to the first objection it is sufficient to remark, that the contract received in evidence was the one declared on in the declaration, and as it was not denied by plea, or otherwise, it was not necessary, under the statute, to prove its execution. It is also to be observed, that it does not appear, from the bill of exceptions, that the contract was permitted to go in evidence to the jury without proof of its execution. We are, therefore, bound ['*' 42] to presume that the court required all the evidence on that point that was necessary. The principle upon which the other objections are founded is admitted to be correct, but its application to this case, as presented by the record, is by no means clear. In an action for materials furnished, or work and labor done, etc., in pursuance of a written contract, which the plaintiff, without excuse or justification, has failed to fulfil, he cannot give such contract in evidence, either to support his action, or to determine the rate of compensation, although the defendant might give it in evidence, to lessen the damages; but where the terms of a contract are departed from by consent of parties, etc., as far as they can be traced, they will still be allowed to regulate the rate of compensation. In this case we cannot learn, from the record, any thing in relation to the change of the terms of the contract, by the parties, nor to whose fault the non-performance of it is to be ascribed. Neither does it appear for what purpose the contract was offered in evidence by the plaintiffs. If it was offered in connection with testimony showing a change of its terms, or that the want of performance was the result of the defendants’ consent, or fault, it was properly received. And under the rule that every intendment shall be allowed in favor of the legality and correctness of the proceedings of the court below, we may, in the absence of all evidence to the contrary, presume the existence of some of these circumstances, as a justification of its decision. And upon the same principle, although the contract was signed by only one of the plaintiffs (though both defendants are named in it), the circumstances of the case may have justified its going to the jury as a memorandum or proposition of the defendants as to the quality, quantity, or price of the work to be delivered. In another view of this subject, we are inclined to think the contract might, for some purpose, be properly received in evidence. It is not only declared on by the plaintiffs, but it is also relied on by the defendants, and set out in Tme verba in one of their pleas. They have, in this way, brought it before the court, as a subject for its consideration and action ; it does not, therefore, rest with them to object to its being used for that purpose. In refusing the instructions asked for, in reference to the legal effect of the receipt introduced by the defendants, the decision of the court was correct. The receipt is for a specific sum of money, for rock delivered at the contemplated bridge. The quantity of rock is not stated; there is consequently no data upon which to base, even a conjecture that the sum received was an equivalent for the rock delivered. The receipt does not profess to be in full for all rock delivered prior to its date ; and to give it suck a construction, would be to extend its operation beyond the fair import of.its terms, and the general [*43] understanding of parties to such an instrument. The court very properly left to the jury to determine, under all the circumstances, to what extent the receipt was an acknowledgment of payment. The judgment is affirmed with costs. Judgment affirmed. Scates, Justice, did not hear the argument in this cause, and Douglass, Justice, having been of counsel, gave no opinion.